**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0101n.06

**No. 08-1961**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 17, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) EASTERN DISTRICT OF MICHIGAN |
| CORNELIUS AHMAD WARREN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Before:  NORRIS, COOK, and GRIFFIN, Circuit Judges.

COOK, Circuit Judge.  Cornelius Warren appeals the district court's denial of his motion to suppress evidence discovered during a search of his residence.  Because the district court properly applied the good-faith exception, we affirm.

I.

Assistant prosecuting attorney David Guinn helped police officer Renae Burnett draft an affidavit in support of a search warrant for the residence of 1183 East Alma Street in Flint, Michigan. The affidavit related that, one day prior, a reliable confidential informant under the direction and control of law enforcement officers purchased cocaine from an "occupant" of the Alma Street residence.  Officer Burnett and her fellow officers observed the "occupant" leave the residence and

deliver cocaine to the informant "at or near" the premises. The confidential informant, under constant surveillance, then transferred the cocaine purchased with police-supplied pre-recorded currency to officers on the scene. The affidavit also referenced Burnett's experience in drug investigations and expressed her belief that "people who possess and sell controlled substances from certain areas of a premises tend to have more controlled substances secreted in other areas . . . within the premises."

Officer Burnett presented the affidavit to Judge Michael McAra of the 68th District Court of Michigan. While examining the affidavit and discussing the facts of the case with Officer Burnett, Judge McAra noticed several inaccuracies and ambiguities. When asked about these errors at the suppression hearing, Officer Burnett explained that Prosecutor Guinn drafted the warrant by modifying a form affidavit and neglected to change the boilerplate language in certain paragraphs.

With Officer Burnett's approval and assistance, the judge revised paragraphs 10, 11, and 12 by hand. In paragraphs 11 and 12, Judge McAra crossed out language erroneously indicating that the informant had been inside of the residence; but he failed to cross out similar language in paragraph 9. In paragraph 10, Judge McAra added language specifying that the transaction had been previously arranged. And, in paragraph 12, he clarified that the occupant of the residence was, in fact, the individual who sold drugs to the informant. Judge McAra and Officer Burnett initialed some changes, but not others. After Officer Burnett swore to the truth of the corrected affidavit, Judge McAra issued the search warrant.

Officers executed the search warrant the day of its issuance—one day after the transaction. When officers entered the residence, they apprehended Warren in the act of flushing a bag of crack cocaine down the toilet. During the course of the search, officers seized approximately 32 grams of crack, a small quantity of marijuana, a digital scale, and a semi-automatic pistol containing seven live rounds.

A federal grand jury indicted Warren on four counts: possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841; possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Warren moved to suppress evidence recovered during the search and to exclude testimony concerning oral statements made to police, arguing that the warrant lacked sufficient facts to justify a finding of probable cause and that the good-faith exception did not apply. Finding the existence of probable cause "a close question," the district court refrained from answering it and, instead, relied on the good-faith exception to deny Warren's motion. *United States v. Warren*, No. 07-20072, 2007 WL 4180741, at * 2 (E.D. Mich. Nov. 26, 2007).

Warren entered a conditional plea of guilty to possession with intent to distribute five grams or more of cocaine base, reserving his right to appeal the district court's denial of his motion to suppress. The district court sentenced him to 135 months' imprisonment. Warren now appeals.

II.

*United States v. Leon*, 468 U.S. 897 (1984), permits reviewing courts to "reject suppression motions posing no important Fourth Amendment questions by turning immediately to a consideration of the officers' good faith." *Id.* at 925. Like the district court, we proceed directly to a good-faith analysis. We review the applicability of the good-faith exception de novo and examine factual findings for clear error. *See United States v. Pruitt*, 458 F.3d 477, 480 (6th Cir. 2006).

In *Leon*, the Supreme Court carved out a good-faith exception to the exclusionary rule, allowing the introduction of evidence seized in reasonable reliance on a subsequently invalidated search warrant. *Leon*, 468 U.S. at 922. The Court went on, however, to enumerate four circumstances in which suppression remains an appropriate remedy: (1) where the supporting affidavit contained knowing or reckless falsity; (2) where the issuing magistrate wholly abandoned his or her judicial role; (3) where the affidavit so lacked probable cause as to render official belief in its existence entirely unreasonable; or (4) where the officer's reliance on the warrant was neither in good faith nor objectively reasonable. *United States v. Frazier*, 423 F.3d 526, 533 (6th Cir. 2005) (citing *Leon*, 468 U.S. at 923). Warren argues that the second and third circumstances apply.

Warren first contends that, by excising and adding language in the affidavit, Judge McAra abandoned his neutral judicial role, becoming "'an adjunct law enforcement officer'" unable to "provide valid authorization for an otherwise unconstitutional search." *Leon*, 468 U.S. at 914 (quoting *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 326–27 (1979)). Judge McAra acted

-4-

unconventionally by correcting the affidavit himself, but he did not function as a "'rubber stamp for the police.'" *Id*. (quoting *Aguilar v. Texas*, 378 U.S. 108, 111 (1964)). On the contrary, by scrutinizing the veracity of the affidavit and making alterations to ensure its accuracy, he executed his Fourth Amendment duty "with a critical eye." *Frazier*, 423 F.3d at 538; *see also United States v. Ramirez*, 63 F.3d 937, 941–42 (10th Cir. 1995) (magistrate's alteration of search warrant did not call into question his neutrality or detachment); *United States v. Servance*, 394 F.3d 222, 231–32 (4th Cir. 2005), *vacated on other grounds*, 544 U.S. 1047 (2005) (same).

Warren also argues that the affidavit's failure to establish a nexus between the drug deal and the residence rendered any belief in probable cause objectively unreasonable. The good-faith exception applies where "some modicum of evidence, however slight, . . . connect[s] the criminal activity described in the affidavit to the place to be searched." *United States v. Laughton*, 409 F.3d 744, 749 (6th Cir. 2005). In other words, the affidavit must contain more than bare "'suspicions, beliefs or conclusions.'" *United States v. McPhearson*, 469 F.3d 518, 526 (6th Cir. 2006) (quoting *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996)). The facts here—Officer Burnett's observation of Warren's exit from the residence and immediate sale of cocaine to a confidential informant one block away—satisfied that standard. *See, e.g.*, *United States v. Van Shutters*, 163 F.3d 331, 336–38 (6th Cir. 1998) (applying the good-faith exception where affidavit described the residence, the items sought, and the defendant's counterfeiting scheme, but connected the place to

the illegal activity only by stating that the residence was "available" to the defendant); *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004) (applying the good-faith exception where affidavit stated that a road connected the residence to a nearby marijuana field).

III.

We affirm the district court's denial of Warren's motion to suppress.